UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                            Case No. 09-20101

Michael Fardell Montgomery,                   Honorable Sean F. Cox

      Defendant.

_____/

**OPINION & ORDER DENYING**
**DEFENDANT'S MOTION SEEKING REVIEW OF DETENTION ORDER**

      This matter is currently before the Court on Defendant's motion seeking review of

Magistrate Judge Hluchaniuk's Order of Detention Pending Trial. The Court held a hearing on

Defendant's motion on March 19, 2010. For the reasons set forth below, the Court concludes

that the Government has established: 1) by a preponderance of the evidence, that Defendant is a

flight risk; and 2) by clear and convincing evidence, that Defendant poses a danger to the

community. Accordingly, the Court shall DENY Defendant's motion and Defendant shall be

detained pending trial.

BACKGROUND

      In this action, Defendant Michael Fardell Montgomery ("Defendant") is charged with

one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(e).

      Magistrate Judge Michael Hluchaniuk issued an Order of Temporary Detention on

December 3, 2009, and scheduled a detention hearing for December 4, 2009.

1

Magistrate Judge Hluchaniuk held the detention hearing on December 4, 2009, and on December 7, 2009, he issued an Order of Detention Pending Trial. As stated in that order, Magistrate Judge Hluchaniuk found that: 1) there is a serious risk that the defendant will not appear; and 2) there is a serious risk that the defendant will endanger the safety of another person or the community. (Docket Entry No. 18). The Order further states that he found by a preponderance of the evidence that:

> there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that defendant is a danger to the community, considering the factors listed in 18 U.S.C. § 3142(g), in that defendant is not employed, has limited ties to the community, committed the present offense while on supervision following a conviction for a felony drug offense, used a false name during one of his prior prosecutions, has three outstanding warrants for state and misdemeanor charges, is a user of illegal controlled substances, has three prior convictions for felony drug offenses and admitted at the time of the instant offense that he was involved in drug trafficking and that he possessed firearms.

(*Id.*).

On March 11, 2010, Defendant filed a "Motion to Rescind Order of Detention Pending Trial, and to Set Bond." (Docket Entry No. 21).

APPLICABLE LAW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

This Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985); *see also United States v. Koubriti*, 2001 WL 1525270 (E.D. Mich. 2001) (Although the Sixth Circuit has not squarely addressed the issue of the proper

standard of review of a magistrate judge's detention order, the majority of the circuits that have considered the issued have ruled that a de novo review is appropriate); *United States v. Runnderstand*, 2008 WL 927774 (E.D. Mich. 2008).

In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).   The government has the burden to establish, by a preponderance of the evidence, that defendant is a flight risk, or by clear and convincing evidence, that the defendant is dangerous to another person or the community.  *United States v. Hinton*, 113 Fed.Appx. 76 (6th Cir. 2004); *United States v. Ellison*, 2007 WL 106572 (E.D. Mich. 2007).

## ANALYSIS

In his motion, Defendant asserted that the issue of detention should be reviewed because Magistrate Judge Hluchaniuk's decision was based upon some information that is incorrect. Defendant's motion asserted that: 1) Defendant did not, in fact, admit to possession of the firearm at issue and that he denies the allegation; and 2) Defendant was not, in fact, under supervision at the time of the instant offense.  At the March 19, 2010 hearing, however, Defense Counsel acknowledged that, contrary to paragraph 11 of Defendant's motion, Defendant was still on probation at the time of the instant offense.  Thus, the only "new" evidence that Defendant asks this Court to consider is Defendant's denial as to possession of the firearm.

For purposes of this motion, the Court will assume that Defendant did not admit to

possession of the firearm following his arrest. Even after excluding consideration of that factor, however, the Court concludes that Government has established: 1) by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure Defendant's appearance and 2) by clear and convincing evidence, that Defendant poses a danger to the community. As set forth below, the Court finds that the following factors of § 3142(g) weigh in favor of detention pending trial.

A.      Nature And Circumstances Of The Offense Charged:

In this action, Defendant is charged with a serious offense – being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant faces a mandatory minimum sentence of 15 years imprisonment, and a maximum sentence of life imprisonment, if convicted of this offense. Thus, the first factor weighs heavily in favor of detention.

B.      Defendant's History And Characteristics:

Defendant's history and characteristics also weigh heavily in favor of detention. Defendant is unemployed and has no financial resources. Defendant admits to use of an illegal drug (marijuana). As noted in the Pretrial Services Report, Defendant has previously used an alias name. Defendant has weak ties to the community.

Defendant's past conduct also weighs against release. Notably, Defendant has three prior felony convictions for drug offenses. Defendant also had three outstanding warrants at the time of his arrest. Defendant was on probation at the time of the charged offense.

C.      The Nature And Seriousness Of The Danger Posed By The Defendant's Release:

The Court concludes that Defendant's release would pose a danger to community. Defendant has no lawful employment history and the evidence shows that Defendant has

continued to sell illegal drugs even after having been arrested and convicted for that conduct.

CONCLUSION & ORDER

After reviewing the relevant materials *de novo*, including the evidence proffered at the initial detention hearing before Magistrate Judge Hluchaniuk, the evidence presented by way of proffer at the March 19, 2010 hearing, and the Pretrial Services Report, the Court concludes that Defendant should remain in custody pending trial.

Accordingly, IT IS ORDERED that Defendant's motion is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager