UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL FARDELL MONTGOMERY,

       Defendant.
_____/

Case No. 09-20101

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE

On August 18, 2010, the United States filed a superseding indictment charging Defendant Michael Fardell Montgomery ("Defendant") with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), one count of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841, and one forfeiture allegation (Doc. No. 43). Defendant's jury trial is scheduled to begin August 25, 2010. The case is currently before the Court on the following motions in limine: Defendant's Motion In Limine To Suppress Evidence Of Defendant's Tentative Execution Of A Rule 11 Agreement (Doc. No. 40); Defendant's Motion In Limine To Preclude The Introduction Of Any Evidence Of, And The Making Of Any Reference To, The Alleged Events Comprising The Basis For the Search Warrant Regarding 3072 Roanoke Street (Doc. No. 41); Defendant's Motion In Limine To Preclude Any Evidence Of, Or Reference To Prior Conviction (Doc. No. 42). The Court heard oral argument on the motions on August 20, 2010. For the following reasons, the Court shall **GRANT** the all three of Defendant's motions in limine.

1

ANALYSIS

<u>Defendant's Motion In Limine To Suppress Evidence Of Defendant's Tentative Execution Of A Rule 11 Agreement</u>

On July 27, 2010, after plea negotiations with the Government, Defendant signed a Rule 11 plea agreement. Prior to Defendant's plea hearing, however, Defendant decided that he did not want to enter a guilty plea at that time. Defense counsel now moves to suppress evidence of Defendant's tentative execution of the Rule 11 agreement. The Government does not oppose Defendant's motion.

Federal Rule of Evidence 410, in relevant part, states:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
> (1) a plea of guilty which was later withdrawn;
>
> . . .
>
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
>
> (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

FED. R. EVID. 410.

Defense counsel maintains that Rule 410 prohibits the admission of all evidence that Defendant initially signed a Rule 11. The Court agrees and shall GRANT Defendant's motion (Doc. No. 40).

2

Defendant's Motion In Limine To Preclude The Introduction Of Any Evidence Of, And The Making Of Any Reference To, The Alleged Events Comprising The Basis For the Search Warrant Regarding 3072 Roanoke Street

Defense counsel moves to preclude the introduction of evidence that was used as the basis for the search warrant which resulted in Defendant's arrest on January 31, 2008. Again, the Government does not oppose the motion. The prosecutor agreed that he would not call the confidential informant, who provided the evidentiary basis for the search warrant. Because the Government does not contest Defendant's motion, the Court shall GRANT Defendant's motion (Doc. No. 41).

Defendant's Motion In Limine To Preclude Any Evidence Of, Or Reference To Prior Conviction

Lastly, Defendant moves to suppress evidence of his 1990 Ohio conviction for aggravated trafficking. The Government does not oppose Defendant's motion.

Federal Rule of Evidence 609(b) prevents a party from attacking a witnesses' character for truthfulness with a conviction that is more than ten years old, unless the probative value of the conviction substantially outweighs its prejudicial effect and the proponent of the conviction gives advance notice of its intent to use the conviction. FED. R. EVID. 609(b).

Here, Defendant's 1990 Ohio conviction is more than 10 years old, and the prosecutor has stated that he does *not* intend to use it. Accordingly, the Court shall GRANT Defendant's motion (Doc. No. 42).

CONCLUSION & ORDER

For the reasons stated above, the Court GRANTS Defendant's Motion In Limine To Suppress Evidence Of Defendant's Tentative Execution Of A Rule 11 Agreement (Doc. No. 40);

Defendant's Motion In Limine To Preclude The Introduction Of Any Evidence Of, And The Making Of Any Reference To, The Alleged Events Comprising The Basis For the Search Warrant Regarding 3072 Roanoke Street (Doc. No. 41); Defendant's Motion In Limine To Preclude Any Evidence Of, Or Reference To Prior Conviction (Doc. No. 42).

    IT IS SO ORDERED.

                    S/Sean F. Cox
                    Sean F. Cox
                    United States District Judge

Dated: August 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2010, by electronic and/or ordinary mail.

                    S/Jennifer Hernandez
                    Case Manager