UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Michael Fardell Montgomery,

        Defendant.
_____/

Case No. 09-20101

Honorable Sean F. Cox
United States District Judge

## OPINION & ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Defendant Michael Montgomery ("Montgomery") is charged with one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one count of possession with intent to distribute crack cocaine, in violation of 18 U.S.C. § 924(g)(1). (Docket Entry No. 43). The matter currently before the Court is Montgomery's motion to withdraw guilty plea. (Docket Entry No. 60). For the reasons discussed below, the Court GRANTS Defendant's motion.

### BACKGROUND

On August 24, 2004, after entering into a Rule 11 plea agreement, Montgomery pleaded guilty to one count of Possession with Intent to Distribute Crack Cocaine.

Proceeding *pro se*, Montgomery filed the instant motion on October 13, 2010. (Docket Entry No. 60). On October 29, 2010, the Court held a status conference at which Montgomery insisted that he was pressured by his counsel into signing the Rule 11 Plea Agreement. (Docket Entry No. 68 at 1). Montgomery claims that the morning of his plea hearing was, in fact, the

first time he saw the Rule 11 Plea Agreement. *Id*. Montgomery also insists that his counsel lied to him about the amount of prison time he would receive at sentencing. *Id*. at 2.

On December 16, 2010, after being appointed counsel, Montgomery filed a supplemental brief to his motion to withdraw his guilty plea. (Docket Entry No. 68). The Court held another hearing on this matter on December 17, 2010. At that hearing, Montgomery's counsel thoroughly discussed with Montgomery the consequences of withdrawing his plea. His counsel explained that the Government would charge him with being a felon in possession of a firearm, a charge that was not included in Montgomery's Rule 11 Plea Agreement. (Trans. of Hrng. on 12/17/10 at 6-8). Montgomery's counsel also explained to him that, if he is found guilty, he would be considered an armed career criminal, and would face a mandatary 15-year prison term. *Id*. at 6. Similarly, the record shows that Montgomery's counsel explained to Montgomery that, if convicted at trial, he would be facing 22 to 27 years in prison. *Id*. at 7. Montgomery's counsel further explained to Montgomery that if he proceeded to withdraw his guilty plea, the Government would not extend any additional plea offers to Montgomery. *Id*. at 18. Montgomery acknowledged that he understood everything that his counsel had stated. *Id*. 7, 18.

At the same hearing the Government expressed its concern that, if the Court granted Montgomery's motion, some of the key witnesses may be unavailable for trial. *Id*. at 17. The Government stated that the unavailability of witnesses would significantly prejudice the Government in its prosecution of Montgomery. *Id*. The Court took Montgomery's motion under advisement, and requested supplemental information from the Government, by way of letter, concerning the availability of witnesses. *Id*.

On January 6, 2011, the Court received a letter from the Government notifying the Court

that "all witnesses previously listed in the Government's Proposed Witness List are available for trial on February 8, 2011." The Government also sent a copy of this letter to Montgomery's counsel.

## STANDARD

Federal Rule of Criminal Procedure 11(d) governs the withdrawal of guilty pleas and provides:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
> > (1) before the court accepts the plea, for any reason or no reason; or
> >
> > (2) after the court accepts the plea, but before it imposes sentence if:
> >
> > > (A) the court rejects a plea agreement under Rule 11(c)(5); or
> > >
> > > (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d). "This rule is designed 'to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). "A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *Id*. "The permission to withdraw a guilty plea prior to sentencing is a matter within the broad discretion of the district court," and is reviewed on appeal for abuse of discretion. *United States v. Valdez,* 362 F.3d 903, 912 (6th Cir. 2004).

ANALYSIS

Montgomery motioned to withdraw his guilty plea after the Court accepted his plea. Therefore, pursuant to Rule 11(d)(2)(B), the defendant must show "a fair and just reason for requesting the withdrawal." In exercising its discretion, a district court must weigh a number of factors when determining whether a defendant has met this burden. The factors include:

1) the amount of time that elapsed between the plea and the motion to withdraw it;

2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

3) whether the defendant has asserted or maintained his innocence;

4) the circumstances underlying the entry of the guilty plea;

5) the defendant's nature and background;

6) the degree to which the defendant has had prior experience with the criminal justice system; and

7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Ellis*, 470 F.3d at 281. These factors are a general, non-exclusive list and no one factor is controlling. *Id.*

After considering these factors, the Court finds that Montgomery has met his burden of proving that the withdrawal of his guilty plea is for a fair and just reason.

1. <u>Amount Of Time Elapsed Between Plea And Motion To Withdraw:</u>

With respect to this first factor, "[t]he shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *Id.* In this case, only approximately three weeks had elapsed between the time of Montgomery's guilty plea and

his motion to withdraw. Because three weeks is a relatively short period of time, considering that Montgomery was acting *pro se,* this factor weighs in favor of granting the motion.

2. Presence Or Absence Of Valid Reason For Failing To Move To Withdraw Earlier:

As noted above, Montgomery's motion was mailed relatively soon after his plea hearing. This factor does not apply to these circumstances.

3. Innocence:

Montgomery has continuously asserted his innocence.

4. Circumstances Underlying Guilty Plea:

In addition to asserting his innocence, the record reflects that Montgomery was very reluctant to enter his guilty plea. (Docket Entry No. 64 at 3). He also claims that original counsel did not review the Rule 11 Plea Agreement with him, and that his counsel lied to him about his sentencing guidelines.

5. Defendant's Nature And Background:

Montgomery's nature and background also weigh in favor of granting his motion. Montgomery only attended school through the tenth grade. *Id.* Furthermore, from the numerous *pro se* letters and motions that Montgomery has filed with the Court, it appears that Montgomery is not sophisticated or particularly educated.

6. Defendant's Prior Experience With The Criminal Justice System:

Montgomery has had a number of experiences with the criminal justice system. At the hearing on December 17, 2010, the Government noted that Montgomery has four prior felonies, all of which deal with similar, drug-related, charges to those that Montgomery is currently facing. *Id.* at 11. Therefore, Montgomery has some basis for understanding the plea agreement

process. This factor weighs in favor of denying Montgomery's motion to withdraw his guilty plea.

7. <u>Potential Prejudice To The Government:</u>

The last factor a court may consider is the potential prejudice to the Government if the motion to withdraw is granted. At the hearing for this motion, the Court expressed its concern that the unavailability of witnesses at trial may prejudice the Government's ability to prosecute Montgomery. The Government has stated, in its January 6, 2011 letter to the Court, that all potential witnesses are available for trial. Therefore, this issue has been resolved. The Government has not presented any other issues that may cause prejudice to the Government. This factor weighs in favor of granting Montgomery's motion to withdraw his guilty plea.

## CONCLUSION & ORDER

For the reasons above, the Court **GRANTS** Defendant's Motion to Withdraw Plea (Docket Entry No. 60).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 10, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2011, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager