UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,   Case No. 09-20101

        Plaintiff,   Honorable Sean F. Cox
                                                               United States District Judge
v.

Michael Fardell Montgomery,

        Defendant.
_____/

## OPINION & ORDER DENYING DEFENDANT'S RENEWED MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION IN LIMINE

Defendant Michael Montgomery ("Montgomery") is charged with one count of being a felon in possession of a firearm, and one count of possession with intent to distribute crack cocaine. The matters currently before the Court are Defendant's Renewed Motion to Dismiss Superseding Indictment, pursuant to FED. R. CRIM. P. 48(b), and Defendant's Motion in Limine to Preclude Expert or Opinion Testimony Regarding Intent to Distribute. Both parties have briefed the issues and the Court heard oral argument on February 10, 2011. For the reasons discussed below, the Court **DENIES** the Defendant's motion to dismiss, and also **DENIES** Defendant's motion in limine.

## BACKGROUND

On January 31, 2008, Flint Police officers arrested Montgomery. (Mtn. to Dis., Doc. No. 73 at 1). At the time of his arrest, Montgomery was in possession of two firearms and quantities of powder cocaine, crack cocaine, and marijuana. *Id*. at 1-2. Officers released Montgomery following an interrogation. *Id*. at 2. On March 4, 2009, Montgomery was indicted on one count

of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Police arrested Montgomery on December 2, 2009, following a traffic stop. *Id*. at 2-3.

On July 28, 2010, Montgomery signed a Rule 11 plea agreement in which he agreed to plead guilty to the firearms charge. (Gov's Resp.1, Doc. No. 78 at 2). Montgomery subsequently rejected the plea agreement. *Id*.

The plea cut-off date for was set for August 13, 2010. On August 12, 2010, the Government proposed an alternative Rule 11 plea agreement. (Mtn. to Dis. at 4). In this second Rule 11 plea agreement, the Government proposed to dismiss count one of Montgomery's indictment if he agreed to plead guilty to possession with intent to distribute cocaine base. *Id*. at 4-5. The original indictment did not include a charge for possession with intent to distribute. The Government sought to include this charge "by way of an information." (Gov's Resp.1 at 2). Montgomery initially accepted the second Rule 11 plea agreement. *Id*.

Shortly after Montgomery signed the second Rule 11 plea agreement, the Government sought to amend Montgomery's indictment to include the drug charge. *Id*. On August 18, 2010 the grand jury returned the first superseding indictment, adding a count of possession with intent to distribute cocaine base. *Id*. On August 20, 2010 Montgomery moved to dismiss the first superseding indictment. (Doc. No. 48). On August 24, 2010, Montgomery pleaded guilty to count two of the first superseding indictment, possession with intent to distribute cocaine base. *Id.* As a result of the plea, Montgomery's original counsel made an oral motion to withdraw Montgomery's Motion to Dismiss, and the Court granted the motion.

On October 13, 2010, Montgomery filed a motion to withdraw his guilty plea. *Id*. at 3. On January 10, 2011, this Court granted Montgomery's motion to withdraw his guilty plea.

2

On January 28, 2011, Montgomery filed the instant "Renewed Motion to Dismiss Superseding Indictment." On January 30, 2011, Montgomery filed a "Motion in Limine for Notice, and to Preclude, Expert or Opinion Testimony Regarding Intent to Distribute." The Government filed its responses to both motions on February 1, 2010.

ANALYSIS

**I.    Montgomery's Renewed Motion to Dismiss Superseding Indictment**.

Montgomery brings his motion to dismiss pursuant to FED. R. CRIM. P. 48(b). Montgomery claims that the Government violated his 5th and 14th Amendment due process rights by unnecessarily delaying the drug charge in the superseding indictment. (Mtn. to Dis. at 6). Montgomery further alleges that the delay constitutes a "purposeful" and "oppressive" action. *Id*.

Rule 48(b) provides:

> The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>
> (1) presenting a charge to the grand jury;
>
> (2) filing an information against a defendant; or
>
> (3) bringing a defendant to trial.

FED. R. CRIM. P. 48(b). "By its terms Rule 48(b) is discretionary." *United States v. Ciammitti*, 720 F.2d 927, 929 (6th Cir. 1983).

"The Supreme Court recognizes that the Due Process Clause of the Fifth Amendment protects against oppressive pre-indictment delay." *United States v. Schaffer*, 583 F.3d 414, 425 (6th Cir. 2009). In order for a defendant to prove unconstitutional pre-indictment delay, he must show both of the following: 1) substantial prejudice to the defendant's right to a fair trial; and 2)

3

that the delay was an intentional device by the government to gain a tactical advantage. *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (citing *United States v. Lovasco*, 431 U.S. 783 (1977)).  The Sixth Circuit requires a showing of actual prejudice to the defendant. *Schaffer*, 586 F.3d at 425.  The Sixth Circuit has also stated that the "standard for pre-indictment delay is nearly insurmountable, especially because proof of actual prejudice is always speculative." *United States v. Rogers,* 118 F.3d 466, 477 n.10 (6th Cir. 1997).

> A. <u>Montgomery Has Failed to Show Substantial Prejudice to His Right to a Fair Trial.</u>

Montgomery alleges that he has suffered substantial prejudice in his ability to present a defense due to the Government's delay in bringing the drug-related charges. (Mtn. to Dis. at 8).  In its brief, the defense states, "[T]he whereabouts of Mr. Montgomery's possible witnesses are now unknown.  Mr. Montgomery believes they would provide exculpatory testimony at trial if they could be located." *Id.*

Prior to oral argument, Montgomery had not explained who these witnesses are or what exculpatory testimony they would offer.  It was not until the day of trial that Montgomery provided to the Government, or the Court, the names of two potential witnesses.  This was the first instance in which the Government or the Court heard of these potential witnesses.  Moreover, Montgomery still failed to state how these witnesses would aid in his defense. *See United States v. Wright*, 343 F.3d 849, 860 (6th Cir. 2003) (explaining that defendant's claim of prejudice was without merit because defendant "presented no evidence concerning who these witnesses are or how the delay in the indictment corresponds to their inability to testify.").  Montgomery's claims of prejudice are merely speculative.

Montgomery also alleges that he was prejudiced by the Government's delay because he

had spent almost a year "developing trial strategy, interviewing witnesses, and attempting to marshal documentary evidence, all geared toward defending against the felon in possession/armed career criminal charge set forth in his original indictment." (Mtn. to Dis. at 9). Montgomery, however, was aware that officers seized crack cocaine from his residence when they executed the search warrant that resulted in the recovery of the firearms. (Gov's Resp.1 at 7). In fact, Montgomery signed a Rule 11 plea agreement on August 12, 2010, which included the drug charge. The Government presented this second Rule 11 agreement less than three weeks after Montgomery rejected his first Rule 11 agreement, which only included the firearms charge. Thus, at a minimum, Montgomery has had six months to prepare a defense to a drug charge.

Furthermore, the same event gave rise to both counts of the superseding indictment. *Id.* Montgomery's arrest on January 31, 2008 put Montgomery on notice that the drugs found in his home, and the events that led his arrest, were important. *See e.g. United States. v. Hermis*, 980F.2d 731 (Table), 1992 WL 363381, at *2 (6th Cir. 1992) (finding that additional charges brought one year after original complaint did not prejudice defendant because the charges stemmed from the same transaction on which the original complaint had been based). Because both of the possession charges stem from the same transaction, Montgomery has failed to specify how defending the additional drug charge has prejudiced him.

Montgomery has not demonstrated that he was actually and substantially prejudiced by the delay. Montgomery does not assert, and the Court finds no evidence to indicate, that the Government's delay was an intentional device by the government to gain a tactical advantage.

    B.    <u>The Government's Actions Were Not Unconstitutionally Oppressive.</u>

Montgomery does not directly argue that the Government acted intentionally to gain a tactical advantage, but instead argues that the Government's actions were unconstitutionally oppressive and vindictive, and therefore the indictment should be dismissed pursuant to FED. R. CRIM. P. 48(b). (Mtn. to Dis. at 7). "Whether delay in completing a prosecution such as here occurred amounts to an unconstitutional deprivation of rights depends upon the circumstances." *United States v. Pollard*, 352 U.S. 354, 361 (1957).

Montgomery claims that the Government used the superseding indictment as a threat in order to force him to sign the second Rule 11 plea agreement. *Id*. The Government denies the use of threats and stated, "Recognizing the confusion and uncertainty the jury would face by proceeding to trial without a charge involving the drugs. . . the government sought to add an additional count by way of superseding indictments." (Gov's Resp.1 at 2). Additionally the Government states that the "threat" of additional charges is a "permissible attribute of the plea bargaining system." *Id*. at 5.

The Government relies on *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), in which the Supreme Court found no violation of a defendant's due process rights after a state prosecutor carried out a threat made during plea negotiations to have the defendant re-indicted on additional charges. *Id.* at 364-64. The Supreme Court held that there was no violation of the defendant's constitutional rights because the defendant was plainly subject to prosecution, based upon probable cause, if he did not plead guilty to the offense with which he was originally charged. The Court stated, "[I]n the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id*. at 363.

The facts here are similar to those in *Bordenkircher*. Montgomery was free to accept or reject the Government's Rule 11 plea offer, and he chose to reject it. Even if the Government "threatened" Montgomery with additional charges in an attempt to convince Montgomery to sign the plea agreement, the imposition of these difficult choices "[is] an inevitable – and permissible – attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Bordenkircher*, 434 U.S. at 364 (internal quotations omitted).

As noted above, Montgomery is clearly subject to the drug charge, as well as his original firearm charge. Therefore, the Government's "threat" of additional charges, based upon Montgomery's acceptance or rejection of his plea agreement, was not oppressive or vindictive.

## II.   Montgomery's Motion in Limine to Preclude, Expert or Opinion Testimony Regarding Intent to Distribute.

In addition to his motion to dismiss, Montgomery also filed a motion in limine for notice to preclude the testimony of Agent Devin Bernritter. (Mtn. in Limine, Doc. No. 74 at 1). The Government clarified that it intends to use Sergeant William Meyer ("Sergeant Meyer"), rather than Agent Bernritter, as an expert witness. The Government states that Sergeant Meyer will testify as to the circumstances that are consistent with the distribution of drugs. (Notice, Doc. No. 85 at 2). First, Montgomery argues that Court should preclude Sergeant Meyer's testimony because the Government has not provided notice of Sergeant Meyer's expert testimony, pursuant to Fed. R. Crim. P. 16(a)(1)(G). (Mtn. in Limine at 1). Second, Montgomery argues that Sergeant Meyer's testimony will not be helpful to the jury and is unreliable because there is no methodology employed by Sergeant Meyer, in violation of Federal Rule of Evidence 702. *Id*. at 2-3.

The Government correctly states that notice pursuant to Rule 16(a)(1)(G) is triggered

7

upon the defendant's request. (Gov. Resp.2, Doc No. 79 at 1). Rule 16(a)(1)(G) provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . The summary provided must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Montgomery's motion in limine served as Montgomery's first request for an expert testimony summary. The Government provided to Montgomery an Expert Witness Disclosure five days after receiving Montgomery's motion. This disclosure discusses Sergeant Meyer's opinions, bases and reasons for those opinions, and his qualifications.[1] (Notice at 1-2). Therefore, Montgomery's notice of its intent to present expert testimony is timely.

Montgomery also objects to the substance of Sergeant Meyer's testimony. The Sixth Circuit has held "[l]aw enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes. Knowledge of such activity is generally 'beyond the understanding of the average layman.'" *United States v. Pearce*, 912 F.2d 159, 163 (6th Cir. 1990). Expert witnesses are not, however, permitted to testify as to the intent of the defendant or any "condition constituting an element of the crime charged." *United States v. Combs*, 369 F.3d 925 at 939 (6th Cir. 2004). Such issues are matters for the trier of fact. *Id*.

Here, Sergeant Meyer will not be testifying as to the intent of Montgomery or to any of the elements of the underlying crime. Instead, Sergeant Meyer will be testifying as to the

---

[1] In the Government's response to Montgomery's Motion in Limine, the Government identifies its expert witness as Sergeant Frank Sorenson. The Government corrected this mistake in its Expert Witness Disclosure, filed on February 3, 2011. The Government's expert witness will be Sergeant William Meyer.

"means, methods, and techniques regarding drug sale and distribution." (Notice at 2). The Government suggests that this type of testimony is particularly helpful to a jury in the present case, where the amount of cocaine involved, allegedly for distribution, is relatively small. (Gov Resp.2 at 2). This information would be helpful to a lay juror.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Renewed Motion to Dismiss Superseding Indictment. The Court also **DENIES**, Defendant's Motion in Limine to Preclude, Expert or Opinion Testimony, regarding [Montgomery's] intent to distribute.

**IT IS SO ORDERED.**


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager