UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,　　　　　　　　　　Case No. 09-20101

　　　　　　Plaintiff,　　　　　　　　　　　　Honorable Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

Michael Fardell Montgomery,

　　　　　　Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR JUDGMENT OF ACQUITTAL

This matter is currently before the Court on Defendant Michael Montgomery's Motion for Judgment of Acquittal, pursuant to Federal Rule of Criminal Procedure 29, brought at the conclusion of the Government's proofs.

In considering a motion for judgment of acquittal under Rule 29, this Court must review the evidence in the light most favorable to the prosecution, and determine whether any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *See United States v. Abner*, 35 F.3d 251, 245 (6th Cir. 1994); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781 (1979). In doing so, the Court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 2004).

The Sixth Circuit has stated that a defendant claiming insufficiency of the evidence "bears a very heavy burden." *Abner*, 35 F.3d at 523. Circumstantial evidence alone is sufficient to sustain a conviction. *Meyer*, 359 F.3d at 826.

1

The Government has indicted Defendant on one count of Felon in Possession of a Firearm, and one count of Possession With the Intent to Distribute Crack Cocaine.

With regard to the charge of Felon in Possession of a Firearm, the parties have stipulated that Defendant has a previous felony conviction, and also that the handguns at issue were manufactured outside the State of Michigan, and thus affected interstate commerce. The only element at issue is the element of possession. During trial, the Government admitted two handguns into evidence. Police officers testified that, upon entering the home pursuant to a search warrant, they observed Defendant run from the living room to the bathroom of the home and throw crack cocaine into the toilet bowl. The officers apprehended Defendant before he was able to flush the crack cocaine down the toilet. Subsequently, officers discovered the handguns hidden underneath a seat cushion of a chair in the living room. The television, which was positioned directly in front of the chair in which the handguns were hidden, was on showing a movie. Officers also testified that Defendant was the only person in the home when they executed the search warrant. Additionally, the Government introduced into evidence a hand-written statement by Defendant, taken after his arrest, in which he accepted responsibility for the firearms found in the home.

With regard to the charge of Possession With the Intent to Distribute Crack Cocaine, the parties have stipulated that the crack cocaine and marijuana are, in fact, controlled substances. Moreover, the Defense has conceded that Defendant possessed the crack cocaine. The only element at issue is Defendant's intent to distribute. The Government introduced several exhibits, including a baggy containing two rocks of crack cocaine, a baggy containing three grams of marijuana, two digital scales, and a box of sandwich baggies. Officers testified that, upon

searching Defendant's person, they discovered a clear, plastic bag containing suspected powder cocaine in Defendant's right, front pocket, and $281 in U.S. currency in Defendant's front, left pocket. Moreover, the Court heard the testimony of Sergeant William Meyer, who testified as an expert in the means, methods, and techniques of drug sale and distribution. Sergeant Meyer testified that those who distribute drugs often possess firearms to protect their business, possess large amounts of cash, and use digital scales and sandwich baggies to weigh and store drugs. Additionally, Sergeant Meyer testified that the relatively small amount crack cocaine possessed by Defendant can be consistent with distribution amounts. Finally, in the hand-written statement by the Defendant, discussed above, Defendant also admitted that he sells one ounce of crack cocaine per week, earning about $900 per week.

Viewing all evidence in the light most favorable to the prosecution, the Court concludes that a rational trier of fact could find that Defendant possessed the firearms at issue, and that Defendant intended to distribute the cocaine base.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal is **DENIED**.

   **IT IS SO ORDERED**.

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: February 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2011, by electronic and/or ordinary mail.

> S/Jennifer Hernandez
> Case Manager