UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL F. MONTGOMERY,

Defendant.

Case No. 09-20101
HON. TERRENCE G. BERG

**ORDER DENYING DEFENDANT'S MOTION FOR COUNSEL AND FOR AN ORDER TO SHOW CAUSE (DKT. 112), LEAVE TO AMEND HIS MOTION TO VACATE SENTENCE (DKT. 119), AND AMENDED MOTION TO VACATE SENTENCE (DKT. 120)**

Defendant Michael F. Montgomery, a federal prisoner, was convicted by jury on February 15, 2011 of one count of: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and (2) possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841. (*See* dkts. 43, 89.) At sentencing, Defendant's guideline range was determined to be 262-327 months after his qualification as an armed career criminal and career offender. (Dkt. 104, p. 6.) Defendant was sentenced to concurrent terms of 190 months' imprisonment. (Dkt. 97.) On August 9, 2012, the Sixth Circuit Court of Appeals affirmed Defendant's conviction. *United States v. Montgomery*, 491 Fed. App'x. 683 (6th Cir.2012).

Defendant is proceeding pro se on his claim, under 28 U.S.C. § 2255, that the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidates his armed career criminal status and requires his resentencing. (Dkt. 111, pp. 11-18.)

## I. DEFENDANT'S MOTIONS

Before the Court are four motions filed by Defendant, and this Order will address three. Defendant has filed a motion for counsel and an order to show cause. (Dkt. 112). Defendant's request for counsel will be **DENIED WITHOUT PREJUDICE** and his motion for an order to show cause will be **DENIED AS MOOT**. Defendant has also filed a motion for leave to amend his August 12, 2015 motion to vacate sentence under 28 U.S.C. § 2255 (Dkt. 119) and the proposed amended § 2255 motion (Dkt. 120). These motions will be **DENIED**.

Defendant's August 12, 2015 motion to vacate sentence under 28 U.S.C. § 2255 (Dkt. 111) will be considered and resolved in a separate order.

### A. Motion for Appointment of Counsel and Order to Show Cause

Defendant has filed a motion seeking the appointment of counsel and a show cause order. (Dkt. 112.) In support of his request for counsel, Defendant attached a financial affidavit indicating that he has no assets with which to pay a lawyer. (*Id.* at 2.) He makes no other argument. (*See id.*) With respect to his request for an order to show cause, Defendant seeks an order requiring the government to respond to his motion to vacate his sentence filed on August 12, 2015. (*Id.* at 1.)

The Court will deny without prejudice Defendant's motion to appoint counsel because the legal and factual difficulty of this case does not appear to exceed Defendant's ability to prosecute it at this time. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. Yet, appointment of counsel for an indigent party is a privilege justified only under

exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir.1993). The issues raised by Defendant in his twenty-eight page typewritten § 2255 motion are clear and straightforward. (*See* dkt. 111.) Defendant has also filed a clear and understandable motion to amend his § 2255 motion, and a proposed amended § 2255 motion. (Dkts. 119, 120.)

Defendant has thus shown that he understands the legal issues and is capable of presenting them to the Court in a satisfactory manner. The Court will bear in mind Defendant's request, and Defendant need not file an additional motion concerning this issue.

Defendant's request for an order to show cause will be denied as moot. On August 25, 2015, the government was ordered to respond to Defendant's § 2255 motion (Dkt. 114) and the government did respond on September 15, 2015 (Dkt. 115). The government has also responded to Defendant's subsequent motion for leave to amend his § 2255 motion. (Dkt. 121.) Accordingly, Defendant's request for an order requiring the government to respond to any of his motions is moot.

**B. Motion for Leave to Amend and Proposed Amended § 2255 Motion**

Defendant filed a § 2255 motion on August 12, 2015 arguing that the *Johnson* decision, which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague, invalidates his armed career criminal status and requires his resentencing. (Dkt. 111, pp. 11-18.) Defendant argues that his prior offenses, three prior serious drug offenses, no longer qualify him as an armed career criminal under the ACCA. (*See id.*) Assuming he will be resentenced, Defendant

also argues that his conviction for possession with intent to distribute does not qualify as a felony offense. (*Id.* at 16-18.)

Approximately six months later, on February 29, 2016, Defendant filed for leave to amend his § 2255 motion and the proposed amended motion. (*See* dkts. 119, 120.) The government responded on March 23, 2016. (Dkt. 121.) In his proposed amended § 2255 motion, Defendant raises a new claim – he argues that his right against self-incrimination was violated because "the waiver of his Miranda rights was not knowingly and intelligently made". (Dkt. 120, p. 7.) In particular, Defendant asserts that he was not warned "that he had a right to remain silent [and] that any interrogation statements made by him could be used against him in a court of law." (*Id.* at 7-8.) Accordingly, his conviction and sentence must be vacated to avoid a fundamental miscarriage of justice. (*Id.*)

Defendant's request to amend his original § 2255 motion must be denied as untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes in relevant part that § 2255 motions must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Sixth Circuit has made clear that "any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations." *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008); *see also Hestle v. United States*, no. 05-40245, 2013 WL 1147712, at *10 (E.D. Mich. Mar. 19, 2013). "Consequently, a Rule 15 motion will be denied where it is filed after that

period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)." *Id.*

Defendant raises his Fifth Amendment claim in his motion for leave to amend his original § 2255 motion. Defendant's motion for leave to amend was filed well outside the one-year statute of limitations. The United States Supreme Court has explained that AEDPA's "limitation period would have slim significance" if claims "asserted after the one-year period could be revived simply because they related to the same trial, conviction, or sentence as a timely filed claim." *Mayle v. Felix*, 545 U.S. 644 (2005). To relate back to the claims of the original pleading, the old and new claims must share the "same core facts." *Id.* at 657.

Here, Defendant does not argue that his Fifth Amendment claim "relates back" to his *Johnson* claim – in fact, his original § 2255 motion does not raise any claim regarding his statement to police. Defendant is seeking to amend his § 2255 motion by adding an unrelated claim outside of the one-year statute of limitations. Accordingly, Defendant's motion to amend must be denied.

**C. Certificate of Appealability and Leave to Proceed In Forma Pauperis**

AEDPA requires that, in a § 2255 proceeding, an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). *See* 28 U.S.C. § 2253. For the reasons stated above, the Court discerns no good-faith basis for an appeal. The Court will therefore certify pursuant to Federal Rule of Appellate Procedure 24(a) that any appeal from this decision could not be taken in good faith, and will deny Petitioner a

certificate of appealability and leave to appeal this decision in forma pauperis. Accordingly, if Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals.

## II. CONCLUSION

Accordingly, Defendant's motion for the appointment of counsel (Dkt. 112) is **DENIED WITHOUT PREJUDICE.** The Court will bear in mind Defendant's request if, following a more thorough review of the record, the Court determines that appointment of counsel is necessary. Defendant need not file an additional motion concerning this issue.

Defendant's motion for an order to show cause (Dkt. 112) is **DENIED AS MOOT.**

Defendant's motion for leave to amend his August 12, 2015 motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 119) is **DENIED**. The accompanying amended § 2255 motion (Dkt. 120) is **DENIED WITHOUT PREJUDICE**.

Finally, the Court **CERTIFIES** that any appeal from this decision could not be taken in good faith, and **DENIES** Petitioner a certificate of appealability and leave to appeal this decision in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

Defendant's August 12, 2015 motion to vacate his sentence (Dkt. 111) will be considered and resolved in a separate order.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2016

**Certificate of Service**

I hereby certify that this Order was electronically submitted on August 12, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager